UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY J. COSGROVE,

    Plaintiff,

v.                                                                         Case No. 1:22-cv-315
                                                                         Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her application for disability insurance benefits (DIB).

On December 2, 2019, plaintiff filed an application for DIB alleging a disability onset date of November 15, 2019. PageID.74. Plaintiff identified her disabling conditions as neuropathy and depression. PageID.295. Prior to applying for DIB, plaintiff earned a college degree as well as master's degrees in project management and business management. PageID.113-114. Plaintiff had past relevant work as an application engineer, a production supervisor, a production superintendent/plant manager, and a maintenance supervisor. PageID.85. An administrative Law Judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on March 25, 2021. PageID.74-87. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I. LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.     ALJ's DECISION

Plaintiff's application for DIB failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful employment since the alleged onset date of November 15, 2019, and meets the insured status requirements of the Social Security Act through December 31, 2025. PageID.77. At the second step, the ALJ found that plaintiff had severe impairments of: chronic inflammatory demyelinating polyneuropathy; carpal tunnel syndrome; hypertension; thyroid disorder; heel spurs; obesity; and gastrocnemius equinus left lower extremity. *Id*. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.80.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant cannot operate foot controls. She can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs and can occasionally balance as defined by the Selected Characteristics of Occupations. She can occasionally stoop, kneel, and crouch. The claimant can never crawl. She can frequently handle, finger, and feel with both upper extremities. She cannot have exposure to extreme cold. The claimant cannot work at unprotected heights or in the vicinity of uncovered, unguarded moving machinery.

PageID.81.

The ALJ also found that plaintiff is capable of performing past relevant work as a product application engineer, production superintendent, and the 2019 production supervisor job as actually performed. PageID.85. This work does not require the performance of work-related activities precluded by her residual functional capacity (RFC). *Id*. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from

4

November 15. 2019 (the alleged onset date) through March 25, 2021 (the date of the decision). PageID.86-87.

### III. DISCUSSION

Plaintiff raises one issue:

**The decision is fatally defective because no findings were based upon a preponderance of the evidence per regulation 20 C.F.R. 404.953 (SSI Counterpart 20 C.F.R. 416.1453).**

The regulations require an ALJ's written decision to be based on the preponderance of the evidence:

> The administrative law judge shall issue a written decision that gives the findings of fact and the reasons for the decision. The administrative law judge must base the decision on the preponderance of the evidence offered at the hearing or otherwise included in the record.

20 C.F.R. § 404.953(a).

Here, plaintiff made a generic argument that the ALJ did not base her decision on the preponderance of the evidence. *See* Plaintiff's Brief (ECF No. 17, PageID.645-649). The gist of plaintiff's claim is that the ALJ made no findings as required by the regulations:

> In the case under consideration, no preponderance findings were made at all. This is harmful error because the ALJ has not demonstrated that the evidence was properly analyzed and weighed according to the proper standard. Until the ALJ demonstrates use of the proper standard and use of the analysis and weighting associated with the proper standard, the decision cannot be meaningfully reviewed. *Cf Herron v. Shalala*, 19 F. 3d. 329, 333-334 (7th Cir. 1994). In other words, by not associating any of the findings with the preponderance of the evidence standard, essentially the ALJ has made no findings. If there are no findings, then said findings cannot be reviewed. It is an elemental principle of administrative law that agencies are bound to follow their own regulations. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). SSA cannot ignore its own regulations merely because it finds them difficult to apply. *See Rhodes v. Johnson*, 153 F.3d 785, 789 (7th Cir.1998).

*Id*. at PageID.647.

In response, defendant points out that,

> Plaintiff does not point to any specific errors in the decision, nor does she cite any medical evidence that undermines the ALJ's decision. Simply put, Plaintiff does not challenge any of the ALJ's findings or make any relevant arguments.

Defendant's Brief (ECF No. 18, PageID.654). Plaintiff did not file a reply brief addressing defendant's arguments.

As defendant observed, plaintiff did not explain how the ALJ failed to apply the appropriate standard in reaching her decision. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, this claim of error is denied.

As discussed, *supra*, this Court's review of the ALJ's decision is focused on determining whether the ALJ's findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g) (on judicial review, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"). Substantial evidence is more than a mere scintilla, but means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154. If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip*, 25 F.3d at 286. Having reviewed the ALJ's decision and the evidence cited therein, the Court concludes that the ALJ's determination that plaintiff was not disabled from November 15. 2019 (the alleged onset date) through March 25, 2021 (the date of the decision) is supported by substantial evidence.

6

### IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**. A judgment consistent with this opinion will be issued forthwith.

Dated:  August 21, 2023              /s/ Ray Kent
                                     RAY KENT
                                     United States Magistrate Judge